```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

DAVID HOOKS,                      :
                                  :    Civil Action No. 09-0462 (SDW)
            Plaintiff,            :
                                  :
      v.                          :    **MEMORANDUM OPINION**
                                  :
ROBERT E. UNTIG, et al.,          :
                                  :
            Defendants.           :

**APPEARANCES**:

Plaintiff pro se
David Hooks
Sussex County Jail
41 High Street
Newton, NJ 07860

**WIGENTON**, District Judge

Plaintiff David Hooks, a prisoner confined at sussex County Jail in Newton, New Jersey, at the time he prepared this Complaint, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement

of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the PLRA does not suspend

installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  Specifically, Plaintiff failed to include the required certified six-months institutional account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

Moreover, the Court notes that although the Complaint and Application for leave to proceed in forma pauperis are dated July 10, 2008, when Plaintiff was apparently confined at Sussex County Jail, they were not mailed until several months later and were received by this Court on February 2, 2009.  The envelope includes a return address at the Anna M. Kross Center, a correctional facility, located at 18-18 Hazen Street, East

3

Elmhurst, New York, 11370.  In addition, the envelope includes a note asking this Court, if necessary, to contact Plaintiff at 674 E. 136th Street, #3B, Bronx, New York, 10454.

Thus, it is not clear, as of the date the Complaint and Application for leave to proceed in forma pauperis were mailed, whether Plaintiff was then confined as a prisoner, or what his financial status was.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

CONCLUSION

For the reasons set forth above, it is not possible to determine from Plaintiff's submissions whether he is eligible to proceed in forma pauperis.  Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to move to re-open within 30 days.[1]

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).

4

An appropriate Order will be entered.

S/Susan D. Wigenton
Susan D. Wigenton
United States District Judge

Dated: February 5, 2009